DISTRICT COURT. JULY 8, 1862.
ADMIRALTY.

## THE LACRIOLLA AND CARGO.

Blockade. Fraudulent destination of vessel. Destruction of papers. Condemnation.

### PRIZE.

### CADWALADER, J.

I, John Cadwalader, Judge of the District Court of the United States for the Eastern District of Pennsylvania, duly

authorized under the Constitution and laws of the United States to hear and determine in the said district all causes and complaints as to ships or vessels, etc., seized and taken as prize, having heard and considered the merits and circumstances of a certain cause or proceeding respecting the capture or seizure of a certain schooner called the Lacriolla, ———— ———— master, her tackle, apparel, and furniture, captured on the high seas on the 29th of May, 1862, by the United States steamer Bienville, of the navy of the United States, and brought into the port of Philadelphia, in the said district, which cause or proceeding was lately and still is depending before me.

And the said cause having come up on the application of the Attorney of the United States for the condemnation of the said schooner and cargo; and it appearing to the court that three several proclamations had been made, that if any one hath aught to say why the said vessel and cargo should not be condemned he may appear, and no claimant having appeared, and the cause having been considered upon the libel filed therein, and the examinations in preparatorio, and the papers and documents found on board of said schooner at the time of her capture, and it appearing from and by the said examination in preparatorio that the said capture was made on the 29th day of March, twenty-five miles more or less south southeast from the blockaded port of Charleston, the said schooner being then and there becalmed and at anchor, having sailed from the port of Nassau bound for the said blockaded port of Charleston, but with a falsified and fraudulent destination for St. Johns, New Brunswick, as appears from and by the answers of the said master to the standing interrogations, who deposes that he cleared the said schooner for the said port of St. Johns, New Brunswick, but that he was to go to the said port of Charleston, and that in carrying out that intention of endeavoring to do so, the said vessel was captured, and it further appearing that a few minutes before the said capture, and while the said schooner was being chased by the said capturing vessel, certain letters and

papers relating to the said cargo were thrown overboard by the said master, the premises having been duly considered and the proofs as to the ownership of the captured vessel and cargo having been also considered; I, the said judge, was of opinion that the said vessel and her cargo for the breach of blockade, and other causes appearing in the proofs, was confiscable and liable to condemnation as prize of war; wherefore it is adjudged and decreed that the said vessel and her cargo should be and the same be condemned as property of enemies of the United States in the existing civil war or otherwise confiscable as lawful prize of war.

And on like motion, it is further ordered, that the same be sold by the marshal pursuant to the course and practice of this court, and that he pay the proceeds thereof into the registry of the court, to abide its further order and direction.